[Sac. No. 3903. In Bank.—March 1, 1928.]

EDWARD R. NEIL, Appellant, v. THE FEATHER RIVER LUMBER COMPANY (a Corporation), Respondent.

Wm. C. Ring and Faucett & Ring for Appellant.

L. H. Hughes and McLaughlin & McLaughlin for Respondent.

PRESTON, J.—Plaintiff sues to recover damages for the alleged negligence of defendant with respect to the management and operation of a logging railroad upon which he was riding when the locomotive jumped the track, hurling him from the tender to the ground and severely injuring him. We are concerned solely with the sufficiency as a pleading of the second amended complaint, to which the court below sustained a demurrer without leave to amend.

This case was heard and considered with the companion case of *Brown* v. *Feather River Lumber Co., ante,* p. 493 [265 Pac. 203], wherein plaintiff sought damages for the wrongful death of his son arising from the same accident here involved. The allegations of the second amended complaint in that case, except as to the extent of resultant bodily harm, are practically identical with the allegations of the second amended complaint in the instant case, and reference may be made to said decision for a statement in detail thereof.

We reiterate the holding there made, to wit, that the allegations of the pleading are sufficient to raise an issue of fact for the jury as to whether or not plaintiff was riding as an express or implied invitee of defendant. In other words, the allegations to the effect that the conductors of defendant railroad were in the habit of permitting persons to ride upon the trains of said company as a convenience in going up and down said tracks, that such acts and conduct on their part were known to the managing agents of defendant, and that the conductor acting in the course of his au-

thority expressly invited plaintiff to ride on said train, were sufficient to submit to the jury the question as to whether said managing agents of defendants had not expressly authorized or ratified the conduct of its said conductor in extending said invitation to plaintiff. (*Lawrence v. Kaul Lumber Co.*, 171 Ala. 300 [55 South. 111]; *Brown v. Feather River Lumber Co., supra,* and cases therein cited.) There can be no question that count one states a cause of action which, if sustained by the evidence, would warrant a jury in finding that plaintiff was on defendant's train as an invitee and not a licensee or trespasser, and it is unnecessary to discuss causes of action two and three, predicated upon wilful and wanton negligence, the rule in that respect not being in doubt.

In short, the complaint states a cause of action and upon the same grounds, and for all the reasons set forth in said case of *Brown v. Feather River Lumber Co., supra,* the judgment herein is reversed, with directions to the court below to overrule the demurrer.

Richards, J., Shenk, J., Curtis, J., Seawell, J., Waste, C. J., and Langdon J., concurred.